**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF ARKANSAS
JONESBORO DIVISION**


**TERESA HAINES**                                                         **PLAINTIFF**


**V.**                          **CASE NO.  3:09CV00143 JMM**


**SELECT CLASSIC CARRIERS, INC.**                              **DEFENDANT**


**ORDER**

Pending before the Court is plaintiff's Motion for Remand; or, in the Alternative, For Change of Venue to the Eastern Division.  For the reasons stated below the Motion for Remand is denied (#4) and the Motion for Change of Venue is granted (#4).

Plaintiff, a resident of Tennessee, filed her complaint against defendant, a Canadian corporation, in the Circuit Court of St. Francis County, Arkansas, on July 13, 2009.  Because defendant was a non-resident, plaintiff served the summons and complaint upon the Arkansas Secretary of State as provided in the Arkansas Non-Resident Motorist Statute, *see* Arkansas Code Annotated § 16-58-121(b)(1), on July 15, 2009.

Tim Humphries, general counsel for the Secretary of State sent defendant a letter on July 16, 2009, along with the summons and complaint informing defendant that its response normally would be filed withing thirty days from the date the Secretary of State was served with the summons.  Defendant filed its notice of removal to this Court on August 21, 2009.

1

In order for a defendant to remove an action from state court to federal court, it must file a timely notice of removal in the district court within thirty (30) days after the service of summons upon the defendant of the complaint, or after the receipt by the defendant of any pleading from which it may be first ascertained that the case is removable.   28 U.S.C. § 1446(a) & (b).

Plaintiff argues that defendant's thirty day time period in which to file its Notice of Removal began to run when the Secretary of State was served with the summons and complaint on July 15, 2009, resulting in defendant having up to, and including, August 14, 2009, to file its notice.  Because defendant filed its Notice of Removal on August 21, plaintiff contends that the removal was untimely and the complaint should be remanded back to state court.

Defendant does not dispute that the Secretary of State was served on July 15, 2009, and that the summons and complaint were sent to defendant on July 16, 2009.   However, defendant contends that § 1446(b)'s thirty day period must be computed from the date of its actual  receipt of the summons and complaint on July 24, 2009, resulting in its Notice of Removal being timely filed on August 21, 2009.

After reviewing the cases cited by the parties, the Court finds that the weight of authority in district courts is that the 30-day statutory time limit for filing notice of removal begins to run when the foreign company actually receives the summons and complaint, rather than when the Secretary of State, as the company's statutory agent for service of process, was served. *See Renaissance Marketing, Inc. v. Monitronics Intern., Inc.*, 606 F. Supp. 2d 201 (D.P.R. 2009) (survey of cases);  *see also Benson v. Bradley*, 223 F. Supp. 669, 671-72 (D.C. Minn. 1963) (defendant's statutory agent under Minnesota's long arm statute is not the defendant for purposes

2

of § 1446(b)'s time period for filing petition for removal).

Plaintiff's alternative Motion for Change of Venue is granted and the Clerk of the Court is directed to reassign the above styled case to the United States District Court for the Eastern District of Arkansas, Eastern Division.

IT IS SO ORDERED this ___24___ day of November, 2009.


_____
James M. Moody
United States District Court